IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
CHARLES PETERSON, d/b/a        *
Desert Sounds Records,         *
                               *
     Plaintiff,                *
                               *
vs.                            *    CV 113-119
                               *
ERIC D. SMITH, d/b/a World     *
Records Productions and d/b/a  *
Smidi Beats Market Records,    *
                               *
     Defendant.                *
```

## O R D E R

Before the Court are numerous motions from both pro se parties in a music copyright infringement case. For the reasons stated herein, the motions are **TERMINATED** and this case is **DISMISSED** without prejudice.

### I. BACKGROUND

On July 22, 2013, Plaintiff, acting pro se, filed suit in this Court against Defendant for copyright infringement in violation of 17 U.S.C. § 501. On August 12, 2013, Defendant appeared pro se and filed an answer. On December 9, 2013, the Court resolved multiple motions from both pro se parties and gave clear instructions to Plaintiff regarding the possible dismissal of his claim.

> Even before proceeding to the merits of Plaintiff's copyright claim, Plaintiff's motions for summary judgment falter. Unquestionably, a copyright owner is entitled to bring an action against those who infringe on his protected works. However, no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made. Although this registration requirement is not jurisdictional, it is a precondition to suit.
>
> Here, Plaintiff fails to present any evidence that he has registered the copyright claims of the works at issue with the Copyright Office in accordance with § 411(a). It is not enough that Plaintiff simply alleged in his complaint that he is the rightful owner of the copyrighted works at issue. Plaintiff must present valid evidence of registration; otherwise, <u>his suit risks dismissal</u>.

(Order of Dec. 9, 2013, at 14-15)(internal citations and punctuation omitted)(emphasis added). Nine months after those instructions were given, Plaintiff has yet to present any evidence that he registered his claims with the Copyright Office.

## II. DISCUSSION

The text of 17 U.S.C. § 411 is clear.

> [N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.

17 U.S.C. § 411(a). The United States Supreme Court and the Eleventh Circuit have not specifically addressed the question whether a district court may <u>sua sponte</u> enforce this statutory

2

requirement. See Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 171 (2010); see also Kernal Records Oy v. Mosley, 694 F.3d 1294, 1302 n. 8 (11th Cir. 2012). However, the Court concludes that a plaintiff asserting a claim for copyright infringement must provide evidence, or at least allege, that the copyrighted work is registered with the United States Copyright Office. Absent that evidence or allegation, the copyright claim is required to be dismissed, but without prejudice to the filing of an action after the registration is made. See Buruss v. Zolciak-Biermann, 2013 WL 5606667, at *3 (N.D. Ga. Oct. 11, 2013)(sua sponte dismissing without prejudice a copyright infringement action where plaintiffs failed to allege that the copyrighted works were registered with the United States Copyright Office).

Because Plaintiff in this case has not alleged or presented evidence that his works are registered with the Copyright Office, the Court of its own accord **DISMISSES** this case without prejudice. In the Order dated December 9, 2013, the Court gave clear notice to Plaintiff, proceeding pro se, of the Court's intention to take this action. If Plaintiff wishes to pursue this matter further, he must first comply with the statutory registration requirement set out in 17 U.S.C. § 411(a) then file a new claim in an appropriate court with jurisdiction over this matter and over these parties.

## III. CONCLUSION

The Court hereby **TERMINATES** all pending motions (docs. nos. 35, 40, 43, 44, 49, 51, 52, 54) and **DISMISSES** this case without prejudice.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of September, 2014.

_____
Honorable J. Randal Hall
United States District Judge
Southern District of Georgia